## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD VAUGHAN, | ) | FILED: JUNE 25, 2008 |
| | ) | 08CV3623 |
| Plaintiff, | ) | JUDGE KENNELLY |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| v. | ) No. | |
| | ) | TC |
| HINSDALE TOWNSHIP HIGH | ) | |
| SCHOOL DISTRICT 86, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff EDWARD VAUGHAN, by and through his attorneys, DeANO &

SCARRY, LLC, and complains against the Defendant HINSDALE TOWNSHIP HIGH

SCHOOL DISTRICT 86 as follows:

### Nature of Complaint

1.      This is an action brought pursuant to the Americans with Disabilities Act of 1990,

*42 U.S.C. § 12101 et.seq.* and the Illinois Human Rights Act, *775 ILCS 5/1-101.*

### Jurisdiction

2.      This court has jurisdiction over this matter pursuant to *28 U.S.C. § 1331*, and

supplemental jurisdiction over the state law claims pursuant to *28 U.S.C. § 1367.*

### Venue

3.      Venue is proper in this judicial district pursuant to *28 U.S.C. § 1391* because the

defendant is a resident of this district and the events complained of all occurred in this

district.

1

Administrative Proceeding

4.    Plaintiff filed his charge of discrimination with the United States Equal

Opportunity Commission and the Illinois Department of Human Rights within 180 days

of the last act of discrimination by the defendant on October 25, 2006. (*Exhibit 1,*

*Attached Hereto*).

5.    The EEOC investigated plaintiff's charge of discrimination and issued plaintiff a

notice of right to sue letter on May 7, 2008. (*Exhibit 2, Attached Hereto*).

6.    The filing of this action is within 90 days of the issuance of the notice of right to

sue letter.

Parties

7.    Plaintiff, EDWARD VAUGHAN, was, at all relevant times, a resident of

Bolingbrook, Illinois.

8.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is a local

Illinois school district, operating Hinsdale Central High School in Hinsdale, Illinois.

Facts Common To All Counts

9.    Plaintiff EDWARD VAUGHAN held the position of "student supervisor" for

Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 at Hinsdale Central

High School from approximately November, 2003 through October 2004.

10.    During this time period, Defendant HINSDALE TOWNSHIP HIGH SCHOOL

DISTRICT 86 was Plaintiff's employer.

11.    Plaintiff met the legitimate expectations of Defendant HINSDALE TOWNSHIP

HIGH SCHOOL DISTRICT 86 during his employment from November 2003 through

October 2004.

2

12.     In approximately October 2004, Plaintiff voluntarily resigned his employment

with Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 because he

was diagnosed with colon cancer, which necessitated surgery and chemotherapy.

13.     Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 had

knowledge that plaintiff suffered a disability, in that his cancer prevented him from

undertaking the basic life activity of working at a broad range of jobs.

14.     After a successful recovery, on September 5, 2006, Plaintiff applied for and

interviewed for the same position of "student supervisor" at Hinsdale Central High

School that he had previously held with Defendant HINSDALE TOWNSHIP HIGH

SCHOOL DISTRICT 86.

15.     Plaintiff interviewed on September 5, 2006 with Michael Leverence, Head of

Deans for Defendant and a supervisor and decision-maker for Defendant.

16.     During the interview, Michael Leverence mentioned several times to Plaintiff that

the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 was concerned

about the number of sick days employees were taking.

17.     Plaintiff informed Michael Leverence at the interview on September 5, 2006 that,

during his prior employment, he had taken sick days due to his diagnosis of cancer prior

to Plaintiff's resignation.

18.     Michael Leverence asked Plaintiff about the status of his cancer on September 5,

2006, to which the Plaintiff replied he was symptom free.

19.     Michael Leverence then stated to Plaintiff that if Plaintiff was to be hired by

Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff would be

3

placed on probationary status and that Plaintiff would be terminated if he began using
sick days.

20.     Michael Leverence then asked the Plaintiff if Plaintiff would have to undergo any
future medical testing, to which the Plaintiff replied he would have to undergo Computed
Tomography Scans ("CT Scans") every six months and an annual colon screening and
blood work.

21.     Michael Leverence then asked if Plaintiff had any other medical procedures
scheduled in the immediate future, to which Plaintiff replied that he had a mole that was
to be removed in an office procedure.

22.     Ultimately, on September 19, 2006, Michael Leverence telephoned Plaintiff and
informed him that the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT
86 had hired another person for the position of student supervisor.

23.     On September 19, 2006, Michael Leverence told Plaintiff via telephone that
Plaintiff "should get himself healthy."

## COUNT I: Americans with Disabilities Act:
## Failure to Hire

24.     Plaintiff incorporates and alleges the allegations contained in Paragraphs 1-23 of
his Complaint as if set fully herein.

25.     Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is an
employer for purposes of the Americans with Disabilities Act.

26.     At all times relevant to this matter, Plaintiff was and is a qualified individual with
a disability.

26.     At all times relevant to this matter, Plaintiff had a record of being a qualified
individual with a disability.

27.    At all times relevant to this matter, Plaintiff was regarded as a qualified individual with a disability by Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86.

28.    At all times relevant to this matter, Plaintiff was able to perform the essential functions of the job of student supervisor with or without reasonable accommodation.

29.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 hired a non-disabled employee for the position of student supervisor.

30.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86violated the Americans with Disabilities Act, *42 U.S.C. § 12112,* when it:

    a.    limited, segregated, or classified Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of thePlaintiff's disability;

    b.    utilized standards, criteria, or methods of administration that had the effect of discrimination on the basis of disability, or that perpetuate the discrimination of others who are subject to common administrative control;

    c.    denied employment opportunities to Plaintiff who is an otherwise qualified individual with a disability, when such denial was based on the Defendants perceived need to make reasonable accommodation to what it believed to be the physical impairments of the Plaintiff;

    d.    used qualification standards, unlawful inquiries or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities; or

    e.    committed any other act of prohibited discrimination against and with regard to the Plaintiff.

31.    As a result of the aforementioned acts of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff has suffered damages, including: back pay, lost wages and benefits, front pay, compensatory damages including past and future physical and emotional pain and suffering and loss of a normal life.

32.    The actions of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL

DISTRICT 86 were done with malice or reckless indifference to the federally protected

rights of the Plaintiff, and an award of punitive damages is proper in this case.

WHEREFORE, Plaintiff EDWARD VAUGHAN requests this Honorable Court

enter judgment in his favor and against Defendant HINSDALE TOWNSHIP HIGH

SCHOOL DISTRICT 86 in an amount to be determined after trial, including attorney's

fees and costs.

## COUNT II: Americans with Disabilities Act: Medical Examination and Inquiry

33.    Plaintiff incorporates and alleges the allegations contained in Paragraphs 1-23 of

his Complaint as if set fully herein.

34.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is an

employer for purposes of the Americans with Disabilities Act.

35.    At all times relevant to this matter, Plaintiff was and is a qualified individual with

a disability.

36.    At all times relevant to this matter, Plaintiff had a record of being a qualified

individual with a disability.

37.    At all times relevant to this matter, Plaintiff was regarded as a qualified individual

with a disability by Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT

86.

38.    At all times relevant to this matter, Plaintiff was able to perform the essential

functions of the job of student supervisor with or without reasonable accommodation.

39.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 hired a non-disabled employee for the position of student supervisor.

40.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 violated the Americans with Disabilities Act, *42 U.S.C. § 12112,* when it:

a.    made inquiries of the Plaintiff as to whether the Plaintiff is an individual with a disability or as to the nature or severity of such disability;

b.    made pre-employment inquiries into the ability of the Plaintiff to perform non-job-related functions; and/or

c.    committed any other act of prohibited discrimination against and with regard to the Plaintiff.

41.    As a result of the aforementioned acts of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff has suffered damages, including: back pay, lost wages and benefits, front pay, compensatory damages including past and future physical and emotional pain and suffering and loss of a normal life.

42.    The actions of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 were done with malice or reckless indifference to the federally protected rights of the Plaintiff, and an award of punitive damages is proper in this case.

WHEREFORE, Plaintiff EDWARD VAUGHAN requests this Honorable Court enter judgment in his favor and against Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 in an amount to be determined after trial, including attorney's fees and costs.

## COUNT III: Illinois Human Rights Act:
## Failure to Hire

43.    Plaintiff incorporates and alleges the allegations contained in Paragraphs 1-23 of

his Complaint as if set fully herein.

44.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is an

employer for purposes of the Illinois Human Rights Act.

45.    Plaintiff was disabled under the definition of the Illinois Human Rights Act, in

that he had a physical characteristic, the history of such characteristic, or the Defendant

perceived he had such a characteristic, that was unrelated to his ability to perform the

duties of student supervisor for Defendant.

46.    At all times relevant to this matter, Plaintiff was able to perform the essential

functions of the job of student supervisor with or without reasonable accommodation.

47.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 hired a non-

disabled employee for the position of student supervisor.

48.    Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86violated the

Illinois Human Rights Act, *775 ILCS 5/2-102,* when it:

   a.    limited, segregated, or classified Plaintiff in a way that adversely affected
         the opportunities or status of Plaintiff because of thePlaintiff's disability,
         or perceived disability;

   b.    utilized standards, criteria, or methods of administration that had the effect
         of discrimination on the basis of disability, or that perpetuate the
         discrimination of others who are subject to common administrative
         control;

   c.    denied employment opportunities to Plaintiff who is an otherwise
         qualified individual with a disability, when such denial was based on
         Defendant's perceived need to make reasonable accommodation to the
         physical impairments of the Plaintiff;

d.    used qualification standards, unlawful inquiries or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities; or

e.    committed any other act of prohibited discrimination against and with regard to the Plaintiff.

49.    As a result of the aforementioned acts of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff has suffered damages, including: back pay, lost wages and benefits, front pay, compensatory damages including past and future physical and emotional pain and suffering and loss of a normal life.

WHEREFORE, Plaintiff EDWARD VAUGHAN requests this Honorable Court enter judgment in his favor and against Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 in an amount to be determined after trial, including attorney's fees and costs.

Respectfully Submitted,


_____s/James L. DeAno_____
Attorney for Plaintiff


James L. DeAno
Laura L. Scarry
Patrick F. Moran
DeANO & SCARRY, LLC
2100 Manchester Rd.
Suite A-101
Wheaton, IL 60187
(630) 690-2800

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Edward Vaughn | (630) 527-0672 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4 Steck Ct., Bolingbrook, IL 60440 | | 03/27/52 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Hinsdale Township High School District 86 | >50 | (630) 655-6100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 55th & Grant Streets, Hinsdale, IL 60521 | | DuPage |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify) | EARLIEST          LATEST September 5, 2006 ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

Please See Attached

08CV3623
JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER

TC

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *[signature]* Date _____ Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME (Day, month, and year) *[signature]* |

EEOC FORM 5 (Rev. 06/92)

EXHIBIT 1

I am a former law enforcement officer and I applied for the position of student supervisor at Hinsdale Central High School, District 86, in Hinsdale, Illinois. I held that position from November of 2003 to October of 2004, when I had to leave my employment because I had colon cancer which required surgery and chemotherapy. On September 5, 2006, I interviewed for the position with the head of Deans, Mike Leverence. During the interview he mentioned on multiple occasions that the administration was concerned about the number of sick days employees were taking. I told him that I had taken sick days due to my cancer, before leaving the position in October 2004. He asked me about the status of my cancer and I told him that I was symptom free, but that I could not guarantee that my cancer will not return. He told me that if I were to be hired, I would begin employment on a probationary status and that I would be terminated if I started using sick days. He then asked me if I had to have any medical procedures done and I told him that I would require CT scans every six months and annual colon screening and blood work. He asked what procedures I had coming up and I told him I had a small skin mole that would be removed in an office procedure. On September 19th, Mr. Leverence telephoned me and told me that the school district had filled the position with another applicant and that I should get myself healthy. I believe I was discriminated against in that I was denied a job opportunity due to the fact that I had cancer.

Edward Vaughn



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 8537

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 7, 2008

08CV3623

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

Mr. Edward Vaughn
c/o James L. DeAno, Esquire
Law Offices of DeAno & Scarry
Attorney at Law
2100 Manchester Rd., Ste. A101
Wheaton, IL  60187

TC

Re:  EEOC Charge Against Hinsdale Township High School District 86
     No. 440200700699

Dear Mr. Vaughn:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title I of the Americans with Disabilities Act of 1990,
42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Hinsdale Township High School District 86

EXHIBIT
2



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 8537

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 7, 2008

Mr. Edward Vaughn
c/o James L. DeAno, Esquire
Law Offices of DeAno & Scarry
Attorney at Law
2100 Manchester Rd., Ste. A101
Wheaton, IL  60187

Re:  EEOC Charge Against Hinsdale Township High School District 86
     No. 440200700699

Dear Mr. Vaughn:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by    *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Hinsdale Township High School District 86