IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   08 CV 3623 |
| | ) | Judge Kennelly |
| HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, | ) | Magistrate Schenkier |
| | ) | |
| Defendant. | ) | |

**BOARD OF EDUCATION'S ANSWER TO COUNT I
OF PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 (the "Board of Education"),[1] by its attorneys Paulette Petretti and Darcee C. Williams of Scariano, Himes and Petrarca, Chtd., herein provides its Answer to Count I[2] of Plaintiff Edward Vaughan's Complaint and submits its Affirmative Defenses.

Nature of Complaint

1.      This is an action brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. §12101, et seq.* and the Illinois Human Rights Act, *775 ILCS 5/1-101*.

**ANSWER:     The Board of Education admits that Edward Vaughan ("Plaintiff") purports to state claims pursuant to the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA"), but denies that such claims are viable.**

---

[1]     The High School District is a local governmental entity that is governed by a Board of Education. Pursuant to the Illinois School Code, 105 ILCS 5/10-2, when a school district is sued, it is properly sued as a "Board of Education." Accordingly, defendant herein is identified as the "Board of Education of Hinsdale Township High School District 86."

[2]     The Board of Education is concurrently moving to dismiss Counts II and III of Plaintiff's Complaint.

### Jurisdiction

2. This court has jurisdiction over this matter pursuant to *28 U.S.C. §1331*, and supplemental jurisdiction over the state law claims pursuant to *28 U.S.C. §1367*.

**ANSWER:** **The Board of Education admits this Court has jurisdiction over the ADA claims but denies it has jurisdiction over the IHRA claims.**

### Venue

3. Venue is proper in this judicial district pursuant to *28 U.S.C. §1391* because the defendant is a resident of this district and the events complained of all occurred in this district.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 3.**

### Administrative Proceeding

4. Plaintiff filed his charge of discrimination with the United States Equal Opportunity Commission [sic] and the Illinois Department of Human Rights within 180 days of the last act of discrimination by the defendant on October 25, 2006. (*Exhibit 1, Attached to Plaintiff's Complaint*).

**ANSWER:** **The Board of Education lacks sufficient knowledge or information to form a belief as to the truth of the statement regarding the date of filing with the EEOC because there is no date of filing indicated on Plaintiff's Exhibit 1. Moreover, the Board of Education lacks sufficient knowledge or information to form a belief as to the truth of when Plaintiff, if ever, filed with the Illinois Department of Human Rights, since no such filing is listed on Plaintiff's Exhibit 1.**

5. The EEOC investigated plaintiff's charge of discrimination and issued plaintiff a notice of right to sue letter on May 7, 2008. (*Exhibit 2, Attached to Plaintiff's Complaint.*)

**ANSWER:** **The Board of Education admits the EEOC issued a right to sue letter under the ADA, on May 7, 2008, based on a request from Plaintiff's counsel. The Board of Education denies the remaining allegations set forth in paragraph 5.**

6. The filing of this action is within 90 days of the issuance of the notice of right to sue letter.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 6.**

Parties

7. Plaintiff, EDWARD VAUGHAN, was, at all relevant times, a resident of Bolingbrook, Illinois.

**ANSWER:** **The Board of Education lacks sufficient knowledge or information to form a belief as to the truth of the allegation set forth in paragraph 7.**

8. Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is a local Illinois school district, operating [sic] Hinsdale Central High School in Hinsdale, Illinois.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 8.**

Facts Common To All Counts

9. Plaintiff EDWARD VAUGHAN held the position of "student supervisor" for Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 at Hinsdale Central High School from approximately November, 2003 through October 2004.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 9.**

10. During this time period, Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 was Plaintiff's employer.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 10.**

11. Plaintiff met the legitimate expectations of Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 during his employment from November 2003 through October 2004.

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 11.**

12. In approximately October 2004, Plaintiff voluntarily resigned his employment with Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 because he was diagnosed with colon cancer, which necessitated surgery and chemotherapy.

**ANSWER:    The Board of Education denies the allegations set forth in paragraph 12.**

13. Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 had knowledge that plaintiff suffered a disability, in that his cancer prevented him from undertaking the basic life activity of working at a broad range of jobs.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 13.**

14. After a successful recovery, on September 5, 2006, Plaintiff applied for and interviewed for the same position of "student supervisor" at Hinsdale Central High School that he had previously held with Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86.

**ANSWER:    The Board of Education admits Plaintiff applied for and interviewed for the position of "student supervisor" in September of 2006. The Board of Education lacks sufficient knowledge of information to form a belief as to the truth of the statement that this occurred "after a successful recovery."**

15. Plaintiff interviewed on September 5, 2006 with Michael Leverence, Head of Deans for Defendant and a supervisor and decision-maker for Defendant.

**ANSWER:    The Board of Education admits Plaintiff interviewed on September 5, 2006 with supervisor Michael Leverence, but denies that Leverence is decision-maker for Defendant.**

16. During the interview, Michael Leverence mentioned several times to Plaintiff that the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 was concerned about the number of sick days employees were taking.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 16.**

17. Plaintiff informed Michael Leverence at the interview on September 5, 2006 that, during his prior employment, he had taken sick days due to his diagnosis of cancer prior to Plaintiff's resignation.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 17.**

4

18. Michael Leverence asked Plaintiff about the status of his cancer on September 5, 2006 to which the Plaintiff replied he was symptom free.

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 18.**

19. Michael Leverence then stated to Plaintiff that if Plaintiff was to be hired by Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff would be placed on probationary status and that Plaintiff would be terminated if he began using sick days.

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 19.**

20. Michael Leverence then asked the Plaintiff if Plaintiff would have to undergo any future medical testing, to which the Plaintiff replied he would have to undergo Computed Tomography Scans ("CT Scans") every six months and an annual colon screening and blood work.

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 20.**

21. Michael Leverence then asked if Plaintiff had any other medical procedures scheduled in the immediate future, to which Plaintiff replied that he had a mole that was to be removed in an office procedure.

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 21.**

22. Ultimately, on September 19, 2006, Michael Leverence telephoned Plaintiff and informed him that the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 had hired another person for the position of student supervisor.

**ANSWER:** **The Board of Education admits the allegation set forth in paragraph 22.**

23. On September 19, 2006, Michael Leverence told Plaintiff via telephone that Plaintiff "should get himself healthy."

**ANSWER:** **The Board of Education denies the allegation set forth in paragraph 23.**

## COUNT I:  Americans with Disabilities Act:
## Failure to Hire

24. Plaintiff incorporates and alleges the allegations contained in Paragraphs 1-23 of his Complaint as if set fully herein.

**ANSWER:** **The Board of Education reasserts each of its answers to paragraphs 1-23 in**

**response to paragraph 24, as if set forth in their entirety herein.**

25. Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 is an employer for purposes of the Americans with Disabilities Act.

**ANSWER:    The Board of Education admits the allegation set forth in paragraph 25.**

26. At all times relevant to this matter, Plaintiff was and is a qualified individual with a disability.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 26.**

26. [sic] [a.]   At all times relevant to this matter, Plaintiff had a record of being a qualified individual with a disability.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 26 [a].**

27. At all times relevant to this matter, Plaintiff was regarded as a qualified individual with a disability by Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86.

**ANSWER: The Board of Education denies the allegation set forth in paragraph 27.**

28. At all times relevant to this matter, Plaintiff was able to perform the essential functions of the job of student supervisor with or without reasonable accommodation.

**ANSWER:    The Board of Education denies the allegation set forth in paragraph 28.**

29. Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 hired a non-disabled employee for the position of student supervisor.

**ANSWER:    The Board of Education lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29.**

30. Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 violated the Americans with Disabilities Act, *42 U.S.C. §12112*, when it:

   a.   limited, segregated, or classified Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of the Plaintiff's disability;

   b.   utilized standards, criteria, or methods of administration that had the effect of discrimination on the basis of disability, or that perpetuate the discrimination of others who are subject to common administrative control;

   c.   denied employment opportunities to Plaintiff who is an otherwise qualified individual with a disability, when such denial was based on the

6

      Defendants perceived need to make reasonable accommodation to what it believed to be the physical impairments of the Plaintiff;

   d.  used qualification standards, unlawful inquiries or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities; or

   e.  committed any other act of prohibited discrimination against and with regard to the Plaintiff.

**ANSWER: The Board of Education denies the allegations set forth in paragraphs 30a, 30b, 30c, 30d, and 30e.**

  31. As a result of the aforementioned acts of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Plaintiff has suffered damages, including: back pay, lost wages and benefits, front pay, compensatory damages including past and future physical and emotional pain and suffering and loss of a normal life.

**ANSWER: The Board of Education denies the allegations set forth in paragraph 31.**

  32. The actions of the Defendant HINSDALE TOWNSHIP HIGH SCHOOL DISTRISCT 86 were done with malice or reckless indifference to the federally protected rights of the Plaintiff, and an award of punitive damages is proper in this case.

**ANSWER: The Board of Education denies the allegations set forth in paragraph 32.**

  In light of the foregoing, the Board of Education denies Plaintiff is entitled to judgment on Count I and denies any remedy is warranted.

**COUNT II: Americans with Disabilities Act:
Medical Examination and Inquiry**

  In lieu of answering Count II, which is set forth at ¶¶ 33-42 of the Complaint, the Board of Education has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, which is being submitted to the Court concurrently with the Board of Education's Answer to Count I.

7

## COUNT III:  Illinois Human Rights Act:
## Failure to Hire

In lieu of answering Count III, which is set forth at ¶¶ 43-49 of the Complaint, the Board of Education has filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Procedure, which is being submitted to the Court concurrently with the Board of Education's Answer to Count I.

## AFFIRMATIVE DEFENSES TO COUNT I

The Board of Education of Hinsdale Township High School District 86 (the "Board of Education"), by its undersigned attorneys from the law firm of Scariano, Himes and Petrarca, Chtd., herein provides its Affirmative Defenses to Count I of Plaintiff Edward Vaughan's Complaint as follows:

1.  Plaintiff is not disabled, pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12102(2).

2.  Selection criteria for the position of student supervisor were job-related and consistent with business necessity.

3.  The "same actor" inference serves to refute Plaintiff's claim that he was not hired for discriminatory reasons.  The same supervisor, about whom Plaintiff now complains, offered Plaintiff a position in February of 2006.  At that time, Plaintiff was offered a long-term substitute student supervisor position for the period of February 21, 2006 through April 17, 2006.  Initially Plaintiff accepted the offer, but ultimately failed to begin work and withdrew his acceptance.

4.  The Board had a legitimate, non-discriminatory reason for its hiring decision in September of 2006.

5.       Attendance is an essential requirement of job performance for the position of student supervisor. As a matter of law, students must be supervised at all times while in attendance at school. The school term cannot be altered to accommodate individual employee needs. At his interview, Plaintiff notified the School District that he would need time away from work for a vacation to go to Arizona during student attendance days. Plaintiff raised the issue of lack of availability for work due to vacation and other personal reasons when asked if he would be able to start immediately. Plaintiff could not commit to a work schedule. Accordingly, Plaintiff lacked qualifications to fulfill the essential functions of the job.

WHEREFORE, the Board of Education prays that this Honorable Court deny Plaintiff's claims and grant judgment in favor of the Board of Education on Count I, grant the Board of Education's attorneys' fees and for any further relief this Court deems just and fair.

Dated: August 28, 2008.

                                                                Respectfully submitted,

                                                                By: /s Paulette A. Petretti_____
                                                                One of the Board of Education Attorneys

PAULETTE A. PETRETTI, ESQ./ARDC No. 06203646
DARCEE C. WILLIAMS, ESQ./ARDC No. 06276211
SCARIANO, HIMES AND PETRARCA, CHTD.
Two Prudential Plaza – Suite 3100
180 North Stetson
Chicago, IL 60601-6714
(312) 565-3100, ext. 245

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a copy of the foregoing ***BOARD OF EDUCATION'S ANSWER TO COUNT I OF PLAINTIFFF'S COMPLAINT AND AFFIRMATIVE DEFENSES*** to be served upon Counsel for Plaintiff:

James L. DeAno (jimdeano@deanoandscarry.com)
and Laura L. Scarry (lscarry@deanoandscarry.com)
DeAno & Scarry, LLC
2100 Manchester Road, Suite A-101
Wheaton, Illinois 60187

by electronic means by using the U.S. District Court for the Northern District of Illinois Electronic Case Filing System on the 28th day of August, 2008.

        BOARD OF EDUCATION OF HINSDALE
        TOWNSHIP HIGH SCHOOL DISTRICT 86


        /s/ Paulette A. Petretti
        By: One of its Attorneys

PAULETTE A. PETRETTI (ARDC NO. 06203646)
DARCEE C. WILLIAMS (ARDC NO. 06276211)
SCARIANO, HIMES AND PETRARCA, CHTD.
Two Prudential Plaza - Suite 3100
180 North Stetson
Chicago, Illinois 60601-6714
312-565-3100 ext. 245

G:\COMMON\SD0\SD086D\Vaughn\answertocomplain-V2.doc