IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 3623 |
| | ) | Judge Kennelly |
| HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, | ) | Magistrate Schenkier |
| | ) | |
| Defendant. | ) | |

**BOARD OF EDUCATION'S MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Defendant BOARD OF EDUCATION OF HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86 (the "Board of Education"),[1] by its attorneys Paulette Petretti and Darcee C. Williams of Scariano, Himes and Petrarca, Chtd., herein move to Dismiss Counts II and III of Plaintiff Edward Vaughan's Complaint ("Compl.").[2] The Board of Education moves to dismiss Count III, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction. The Board of Education moves to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. This motion is submitted for the following reasons:

**I. FACTS AS ALLEGED**

1.  Plaintiff alleges he worked as a student supervisor at Hinsdale Township High School (the "High School") for approximately one year beginning in November of 2003. (Compl. ¶ 9.) Plaintiff alleges he voluntarily resigned his job in October of 2004. (Compl. ¶ 12.)

---

[1] Hinsdale Township High School is a local governmental entity that is governed by a Board of Education. Pursuant to the Illinois School Code, 105 ILCS 5/10-2, when a school district is sued, it is properly sued as a "Board of Education." Accordingly, defendant herein is identified as the "Board of Education of Hinsdale Township High School District 86."

[2] The Board of Education is concurrently filing its Answer to Count I of Plaintiff's three-count Complaint.

2. Plaintiff alleges in September of 2006 he applied for a vacancy for the position of student supervisor. (Compl. ¶ 14.)

3. Plaintiff alleges that during his job interview, the supervisor allegedly asked Plaintiff about the status of his health. (Compl. ¶ 19.) The supervisor allegedly told Plaintiff he would be terminated if he began using sick days. *Id*. The supervisor allegedly asked about Plaintiff's future medical testing and procedures for cancer treatment. (Compl. ¶¶ 20, 21.)

4. On September 19, 2006, Plaintiff was allegedly notified by his supervisor that another person had been hired for the position of student supervisor and Plaintiff was allegedly told he "should get himself healthy." (Compl. ¶¶ 22, 23.)

## II. MOTION TO DISMISS STANDARD

5. A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction over the claim in question. A motion to dismiss under Rule 12(b)(6) challenges a cause of action on the basis of a failure to state a claim on which relief can be granted. In ruling on such motions, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Jackson v. E.J. Brack Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007).

## III. THIS COURT LACKS JURISDICTION OVER COUNT III

A. EXHAUSTION UNDER ILLINOIS HUMAN RIGHTS ACT

6. The Illinois Human Rights Commission ("IHRC") has exclusive jurisdiction over civil rights actions brought under the Illinois Human Rights Act ("IHRA"). *See Manley v. City*

*of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001); *see also* 775 ILCS 5/8-111(c) ("[N]o court of this state shall have jurisdiction over the subject matter of an alleged civil rights violation other than set forth in the Act"). Therefore, Plaintiff may not file a court action for his IHRA disability discrimination claim without exhausting his state administrative remedies. *Mein v. Masonite Corp.*, 109 Ill.2d 1, 485 N.E.2d 312, 315 (1985); *Talley v. Wash. Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994). Judicial review of Plaintiff's IHRA claim is available only after he exhausts his administrative remedies and the IHRC has issued a final order on his charge. *Talley*, 37 F.3d at 313; *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458 (7th Cir. 1994).

7. Under Illinois law, the comprehensive scheme or remedies and administrative procedures of the IHRA is the exclusive source of redress for alleged violations of the act. *Mein v. Masonite Corp.*, 109 Ill.2d at 7, 485 N.E.2d at 315. Courts have no authority to hear actions for alleged violations of the IHRA; IHRA bars direct access to the courts. Judicial participation in IHRA claims is limited to review of final orders issued by the IHRC. *Flaherty v. Gas Research Inst.*, 31 F.3d at 458 (citing 775 ILCS 5/8-111(A)(1).

8. Plaintiff does not allege that he exhausted his state administrative remedies and does not allege he received a final order from the IHRC. Instead, he merely alleges that he received a right to sue letter from the Equal Employment Opportunity /Commission ("EEOC"). (Compl. ¶ 5.) As a matter of law, a right to sue letter from the EEOC does not serve as a substitute for a final order from the IHRC. *Ellman v. Woodstock # 200 Sch. Dist.*, No. 99 C 50017, 2001 WL 218958, at *7 (N.D.Ill. Feb. 26, 2001). Absent a final order from the IHRC, which Plaintiff fails to allege he has received, Count III must be dismissed.

**B.    PLAINTIFF'S IHRC CLAIM MUST BE DISMISSED**

9.    As a result of the foregoing, this Court lacks subject matter jurisdiction over Plaintiff's IHRA disability discrimination claim.  *Cavalieri-Conway v. L. Butterman & Assoc.*, 992 F.Supp. 995, 1009 (N.D.Ill. 1998) *aff'd*, 172 F.3d 52 (7th Cir. 1999), *cert. denied*, 528 U.S. 847, 120 S.Ct. 121 (1999).

10.    Federal courts are expressly granted original jurisdiction over federal statutory claims.  *Steele v. APL Logistics*, No. 07 C 6440, 2008 WL 268705 (N.D. Ill. 2008), *2. However, even when federal courts exercise jurisdiction over federal statutory claims, such as Plaintiff's ADA claim, they routinely dismiss related IHRA claims for failure to exhaust.  *See, e.g., Glebocki v. City of Chicago*, 2002 WL 448419, No. 01-1243 *5 (7th Cir. 2002); *Griffin v. Sutton Ford, Inc.*, 452 F. Supp.2d 842, 845 (N.D.Ill. 2006); *Mazurek v. Cook County,* No. 02 C 4897, 2003 WL 21266712 (N.D.Ill. May 30, 2003) *3; *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp.2d 693, 695 (N.D. Ill.2003).

11.    In light of the foregoing, the Board of Education prays that this Honorable Court dismiss Plaintiff's Count III, grant judgment in favor of the Board of Education on Count III, and grant the Board of Education's attorneys' fees and costs, and for any further relief this Court deems just and fair.

### IV.    **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER COUNT II**

**A.    COUNTS I AND II ARE REDUNDANT**

12.    In his Complaint, Plaintiff claims that his alleged disability was the reason he was not hired for the position of student supervisor.

13.    Discrimination in hiring is prohibited under § 12112(a) of the Americans With Disabilities Act ("ADA").

14. In Count II, Plaintiff claims that the discrimination was manifested in the form of alleged questions about his health at his job interview.

15. Under § 12112(d) of the ADA, the statute clarifies that "The prohibition against discrimination as referred to in subsection (a) of this section shall include medical examinations and inquiries." § 12112(d)(2) prohibits pre-employment inquiries.

16. Plaintiff's Count II allegations regarding inquiries concerning health at his job interview set forth the identical set of allegations of discriminatory conduct that Plaintiff sets forth in Count I of Plaintiff's Complaint.

17. Counts I and II do not present separate causes of action, as will be discussed below.

**B.    VIOLATION AND INJURY IMPROPERLY ALLEGED IN SEPARATE COUNTS**

18. To prove a violation under 42 U.S.C. § 12112(d)(2), a plaintiff must demonstrate that he suffered some tangible injury in fact. *O'Neal v. City of New Albany*, 293 F.3d 998, 1007 (7th Cir. 2002). A causal link must be established between the specific ADA violations and the injuries sustained for which the Plaintiff seeks damages. *Buchanan v. City of San Antonio*, 85 F.3d 196, 200 (5th Cir. 1996). The injury which Plaintiff allegedly suffered after being allegedly asked questions about his health at his job interview was that he was not hired for the position of student supervisor.

19. Courts have determined that an alleged violation of the prohibition against pre-employment medical examinations and inquiries, in and of itself, does not give rise to damages liability. *Armstrong v. Turner Industries Inc.*, 141 F.3d 554, 561 (5th Cir. 1998).

20. In Count I, Plaintiff titles the cause of action as the injury he allegedly sustained (not being hired). In Count II, Plaintiff titles the cause of action as the alleged ADA violation

that caused the injury (pre-employment inquiring into health issues). The allegations in the two Counts, which are identical, do not set forth distinct claims. The alleged cause and effect are not separable. *See Strong v. Paulson*, 2007 WL 2859789 (7th Cir. Ill.), Case No. 07-1401, *3.

21. The alleged violation and the alleged injury are both elements of one cause of action – alleged discrimination under § 12112 of the ADA and should be considered a singular count. *See Armstrong*, 141 F.3d at 561.

22. In light of the foregoing, Count II must be dismissed for failure to state a discrete and viable cause of action.

23. Based on the foregoing, the Board of Education prays that this Honorable Court dismiss Plaintiff's Count II, grant judgment in favor of the Board of Education on Count II, and grant the Board of Education's attorneys' fees and costs, and for any further relief this Court deems just and fair.

Dated: August 28, 2008.

                                        Respectfully submitted,

                                        BOARD OF EDUCATION OF HINSDALE
                                        TOWNSHIP HIGH SCHOOL DISTRICT 86

                                      By: s/ Paulette A. Petretti
                                            One of the Board of Education's Attorneys

PAULETTE A. PETRETTI, ESQ./ARDC No. 06203646
DARCEE C. WILLIAMS, ESQ./ARDC No. 06276211
SCARIANO, HIMES ANMD PETRARCA, CHTD.
Two Prudential Plaza – Suite 3100
180 North Stetson
Chicago, IL 60601-6714
(312) 565-3100, ext. 245

nysG:\WP51\COMMON\SD0\SD086D\Vaughn\MOTION TO DISMISS-V2.doc

6

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that she caused a copy of the foregoing ***Board of Education's Motion to Dismiss Counts II and III of Plaintiff's Complaint*** to be served upon Counsel for Plaintiff: James L. DeAno (jimdeano@deanoandscarry.com) and Laura L. Scarry (lscarry@deanoandscarry.com) of DeAno & Scarry, LLC, 2100 Manchester Road, Suite A-101, Wheaton, Illinois 60187, by electronic means by using the U.S. District Court for the Northern District of Illinois Electronic Case Filing System on the 28th day of August, 2008.

Dated this 28th day of August, 2008.

                                            BOARD OF EDUCATION OF HINSDALE
                                            TOWNSHIP HIGH SCHOOL DISTRICT 86

                                      By: s/ Paulette A. Petretti_____
                                            One of the Board of Education's Attorneys

PAULETTE A. PETRETTI (ARDC NO. 06203646)
DARCEE C. WILLIAMS (ARDC NO. 06276211)
SCARIANO, HIMES AND PETRARCA, CHTD.
Two Prudential Plaza - Suite 3100
180 North Stetson
Chicago, Illinois 60601-6714
312-565-3100 ext. 245

nysG:\WP51\COMMON\SD0\SD086D\Vaughn\MOTION TO DISMISS-V2.doc